## Practice of Chiropody by Corporations

MARGIOTTI, Attorney General, August 27, 1936.—We have your letter of July 24, 1936, inquiring whether a certificate of incorporation should be granted to a proposed corporation that wishes to engage in the practice of chiropody.

The Century Dictionary & Cyclopedia defines chiropody as "The art of treating diseases, callosities, or excrescences of the hands and feet."

In the case of Commonwealth v. Long, 100 Pa. Superior Ct. 150, the court, at page 152, stated that "the 'practice of medicine' includes all practice of the healing art, with or without drugs."

It can readily be seen that the practice of chiropody comes within this definition. Therefore those wishing to engage in such practice are required, under section 6 of the Act of June 3, 1911, P. L. 639, as amended by section 5 of the Act of July 25, 1913, P. L. 1220, to undergo instruction in approved schools, be examined and be licensed by the State Board of Medical Education and Licensure.

The inquiry devolves into the question whether or not a corporation can engage in the general or limited practice of medicine.

That part of The Business Corporation Law of May 5, 1933, P. L. 364, pertinent to the instant question provides in section 201:

"Three or more natural persons of full age and either sex, married or single, at least two-thirds of whom are citizens of the United States or of its territories or possessions, may form a business corporation, under the provisions of this act, for any lawful purpose or purposes."

In a formal opinion rendered by this department to the Honorable Cyrus E. Woods, Secretary of the Commonwealth, on February 3, 1921, The Thomas Diagnostic

Clinic, 30 Dist. R. 778, it was held that lawful purpose was synonymous with business, and that an application for incorporation stating, as one of its purposes, the practice of medicine should not be approved.

The opinion, quoting the case of In re Coöperative Law Co., 198 N. Y. 479, used the following language, on page 779:

"I agree with the opinion expressed by the Court of Appeals of New York, which said in a similar case that the words 'any lawful business' mean 'a business lawful to all who wish to engage in it . . . The legislature, in authorizing the formation of corporations to carry on "any lawful business," did not intend to include the work of the learned professions. Such an innovation, with the evil results that might follow, would require the use of specific language clearly indicating the intention:' In re Co-operative Law Co., 198 N. Y. 479, 32 L. R. A. (N. S.) 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, 92 N. E. Repr. 15."

On page 780 we find the following language:

"The case cited dealt with a corporation organized for the purpose of practicing law. The reasons for this view, which are set forth at length in the opinion quoted from, are: (1) A corporation, by reason of the fact that it is an artificial person, cannot possess professional knowledge and skill and cannot be examined, registered and qualified, as is required by the laws regulating the practice of law; and (2) the relation between lawyer and client is based upon a contract, for the breach of which the client has his action for damages. If he make his contract with a corporation, which, perchance, is irresponsible, there being no privity of contract with the lawyer who rendered the service, the client may be left without redress for his damage. By this device the lawyer might readily escape the liability which the law has placed upon him."

Hence, since the practice of chiropody is in effect the practice of a branch of medicine, we feel that the instant

case is ruled by the above-cited decisions, to which we subscribe.

We are of the opinion, and you are therefore advised, that a certificate of incorporation should not be granted to a proposed corporation for the purpose of engaging in the practice of chiropody.

From Frederic Ray, Harrisburg.